IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALAXY INTERNATIONAL, INC., | Civil Action No. 22-302 |
| Plaintiff, | Judge |
| v. | *Electronically Filed* |
| MERCHANTS DISTRIBUTORS, LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff, Galaxy International, Inc., by and through the undersigned counsel and the law firm of Morella & Associates, A Professional Corporation, hereby files this Complaint against the Defendant, Merchants Distributors, LLC, and in support thereof, avers the following:

## PARTIES

1. Plaintiff, Galaxy International, Inc. ("Galaxy"), is a Pennsylvania corporation with a principal place of business located at 3000 Village Run Road, Unit 103-217, Wexford, Pennsylvania 15090.

2. Galaxy is wholesale food distributor and importer that supplies manufacturers and other wholesale distributors with an array of food products.

3. Defendant, Merchants Distributors, LLC ("MDI"), is a North Carolina limited liability company with a registered office located at 120 Fourth Street, SW, Hickory, North Carolina 28602, and a principal place of business located at 5005 Alex Lee Boulevard, Hickory, North Carolina 28601.

4. MDI is a wholesale food distributor that services grocery stores across the East Coast.

## VENUE AND JURISDICTION

5. This Court has original jurisdiction over the claims stated herein pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or acts giving rise to the claims occurred within this District.

## FACTUAL BACKGROUND

7. Galaxy and MDI have done business together for many years, with MDI frequently purchasing various food products from Galaxy which MDI then sells to retail grocery stores.

8. Over the many years that MDI and Galaxy have done business together, Galaxy utilized the same payment process for orders that MDI submitted to Galaxy.

9. First, MDI would submit a purchase order to Galaxy.

10. Galaxy would then fulfill the purchase order by sending the food product to MDI.

11. Contemporaneous with the fulfillment of the purchase order, Galaxy would send an invoice to MDI.

12. Galaxy printed the following payment instructions at the bottom of each invoice:

REMIT PAYMENT TO:
GALAXY INTERNATIONAL, INC.
P.O. BOX 765
INDIANA, PA 15701

13. In fact, Galaxy uses the same form invoice with the same printed payment instructions for each of its customers.

14. During the many years that Galaxy and MDI have transacted business together, MDI always remitted payment of Galaxy's invoices to the post office box printed on Galaxy's invoices.

15. In or about June 2021, MDI submitted purchase order number 455632 for 42,000 pounds of meat product.

16. Galaxy fulfilled the purchase order by shipping the requested meat product to MDI on June 24, 2021.

17. MDI accepted the meat product and did not indicate to Galaxy that it was nonconforming in any respect.

18. Contemporaneous with Galaxy's fulfillment of the purchase order, Galaxy sent MDI invoice number 30718 totaling $112,140.00 for the meat product. A true and correct copy of the invoice is attached hereto as Exhibit 1.

19. The invoice contains the same printed payment instructions that Galaxy had always included on its invoices to MDI.

20. As of August 11, 2021, Galaxy had not received payment from MDI. A Galaxy employee, Toni Thornton, called MDI that same day to inquire as to the status of the unpaid invoice.

21. The MDI representative Ms. Thornton spoke to indicated that MDI had not received the invoice. According to the MDI representative, invoices typically were sent to an employee who had recently retired, resulting in Galaxy's invoice being overlooked and not reviewed by anyone.

22. Later that same day, Galaxy resent the invoice via email to an MDI employee whom Ms. Thornton was told would be the new contact person at MDI for all invoices.

23. Galaxy sent the email with the invoice at 11:44 a.m. on August 11, 2021.

24. Two minutes later, at 11:46 a.m. on August 11, 2021, the new MDI employee informed Galaxy via response email that Galaxy's invoice had been approved for payment.

25. The invoice that Galaxy resent to MDI on August 11, 2021 is identical to the invoice it sent on June 24, 2021.

26. Unbeknownst to Galaxy, at 12:21 p.m. on August 11, 2021, MDI received a fraudulent email from an account purporting to originate from Ms. Thornton. The fraudulent email indicated that Galaxy was changing its payment instructions such that it would now only receive Automatic Clearing House (ACH) payments.

27. The fraudulent email attached an "Authorization" that included bank information – including account and routing numbers – for future ACH payments. The purported bank account was a Bank of America account.

28. Galaxy has never had a bank account with Bank of America.

29. Although in receipt of conflicting payment instructions sent less than an hour apart, MDI did not contact Galaxy to confirm how it should remit payment. Rather, on August 13, 2021, MDI transmitted payment to the fraudulent Bank of America account.

30. Had MDI contacted Galaxy about the conflicting payment instructions, it would have discovered that the ACH payment instructions were fraudulent.

31. On August 17, 2021, after MDI learned that the ACH email was fraudulent, it contacted its bank in an attempt to stop payment of the invoice. MDI was only able to recover $2,112.78 of the $112,140.00 it sent through ACH.

32. Galaxy spoke to several MDI representatives following the incident. According to the MDI representatives, MDI's payment procedures required MDI to contact Galaxy to confirm the change in payment instructions. MDI failed to do so.

33. The MDI representatives initially indicated that MDI would pay Galaxy the full invoice amount. However, over the next several weeks MDI stopped responding to Galaxy's requests for updates.

34. By emails dated September 14, 2021 and September 24, 2021, MDI informed Galaxy that it believed Galaxy was at fault for the fraudulent payment instructions. MDI further stated it would not pay the outstanding invoice.

35. MDI ultimately sent Galaxy the $2,112.78 it was able to recover from its bank. The total amount due and owed by MDI is $110,027.22.

36. Galaxy investigated this matter with the assistance of its third-party information technology vendor. Galaxy did not find any evidence that the apparent "hacking" incident occurred as a result of a breach of Galaxy's internal computer systems.

## COUNT I
### Breach of Contract

37. All prior paragraphs are hereby incorporated by reference.

38. Galaxy and MDI had a valid agreement whereby MDI would pay Galaxy for certain food product and Galaxy would deliver the food product to MDI.

39. Galaxy fully performed its obligations under the parties' agreement.

40. MDI materially breached the agreement by failing to remit payment in full to Galaxy for the food product.

41. As a direct and proximate result of MDI's breach, Galaxy has suffered harm and damage.

WHEREFORE, Galaxy demands judgment in its favor in the amount of $110,027.22 plus costs, attorney fees, pre- and post-judgment interest, and any other relief the Court deems appropriate.

## COUNT II
**Negligence**

42. All prior paragraphs are hereby incorporated by reference.

43. MDI owed a duty of care to Galaxy to act reasonably under the circumstances and in conformance with industry norms and its internal policies and procedures.

44. MDI owed a duty of care to Galaxy to ensure the use of reasonable security measures under the circumstances in safeguarding MDI's computer system and email communications.

45. MDI failed to observe industry norms and its own policies and procedures when it remitted payment of Galaxy's invoice pursuant to a fraudulent email and ACH payment instructions.

46. MDI failed to observe industry norms in the protection of its communications by email with Galaxy.

47. As a direct and proximate result of MDI's negligence, MDI tendered payment of Galaxy's invoice to a bank account which was not received by Galaxy.

WHEREFORE, Galaxy demands judgment in its favor in the amount of $110,027.22 plus costs, attorney fees, pre- and post-judgment interest, and any other relief the Court deems appropriate.

## COUNT III
**Breach of Implied Covenant of Good Faith and Fair Dealing**

48. All prior paragraphs are hereby incorporated by reference.

49. Galaxy and MDI had a valid agreement whereby MDI would pay Galaxy for certain food product and Galaxy would deliver the food product to MDI.

50. MDI owed Galaxy a duty of good faith and fair dealing under the parties' agreement.

51. MDI breached that duty by performing in a manner that was unfaithful to the purpose of the parties' agreement when it accepted Galaxy's tendered food product and failed to remit payment in full of Galaxy's invoice pursuant to the parties' agreement.

52. Galaxy's justified expectations under the parties' agreement were denied.

53. As a direct and proximate result of MDI's breach, Galaxy has suffered harm and damage.

WHEREFORE, Galaxy demands judgment in its favor in the amount of $110,027.22 plus costs, attorney fees, pre- and post-judgment interest, and any other relief the Court deems appropriate.

## COUNT IV
**Unjust Enrichment and Disgorgement**

54. All prior paragraphs are hereby incorporated by reference.

55. Galaxy has conferred upon MDI the benefit of food product for which MDI has not compensated Galaxy.

56. MDI has unjustly retained the food product and sold or otherwise transferred the food product to other food wholesalers or retailers, and it is inequitable for MDI to retain the monies it has received as a result of such sale or transfer.

57. MDI should not be permitted to profit unjustly at the expense of or to the exclusion of Galaxy, and MDI should not be allowed to retain whatever assets, profits and/or benefits that have been associated with or resulted from its sale or transfer of Galaxy's food product.

58. MDI should be required to disgorge to Galaxy any and all monies received by MDI for the disposition of the food product.

WHEREFORE, Galaxy demands judgment in its favor, including:

a) Judgment in in the amount of $110,027.22 plus costs, attorney fees, pre- and post-judgment interest, based upon MDI's breach of the parties' agreement;

b) An order requiring MDI to disgorge to Galaxy any monies received from the disposition of the food product by MDI; and

c) Any other relief the Court deems appropriate.

Respectfully submitted,

MORELLA & ASSOCIATES,
A Professional Corporation

_____
Justin T. Papciak, Esquire

**JURY TRIAL DEMANDED**