IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALAXY INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-302 |
| ) | Judge Nora Barry Fischer |
| MERCHANTS DISTRIBUTORS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

I.     INTRODUCTION

In this case, Plaintiff Galaxy International, Inc. ("Galaxy") has sued its customer, Defendant Merchants Distributors, LLC, ("Merchants") asserting claims for breach of contract and the duty of good faith and fair dealing, negligence, and unjust enrichment. (Docket No. 1). Galaxy alleges that Merchants failed to pay its full invoice for products which were delivered to and accepted by Merchants. (*Id*.). However, Galaxy's email system was compromised by an unknown third-party actor who then successfully used a Galaxy employee's email account to induce both Merchants and another customer, Shuler Meats, to send automated clearing house ("ACH") payments for its invoices to a bank account controlled by the third-party actor. (Docket Nos. 34; 35; 38). Galaxy moves for summary judgment arguing that Merchants was in the best position to avoid the loss to the third-party actor but failed to follow its own internal procedures by verifying the ACH information before sending the payment. (Docket No. 35). Merchants contends that summary judgment is not appropriate because material facts are disputed by the parties, and it should be up to a jury to evaluate the reasonableness of their respective actions, including which party was in the best position to avoid the loss. (Docket No. 38).

1

Galaxy's Motion has been fully briefed as the parties have each filed supporting briefs, concise statements of material facts and supporting appendices. (Docket Nos. 34-40). Although the Court established deadlines for the parties to submit reply and sur-reply briefs, no further briefing has ensued and neither party has requested oral argument such that Galaxy's Motion is ripe for disposition. (*Id*.). After careful consideration of the parties' positions and for the following reasons, Galaxy's Motion [34] is denied.

II.     LEGAL STANDARD

As the Court writes primarily for the parties, who are familiar with the facts of this matter, the Court starts with the governing legal standards. Galaxy's burden on summary judgment is to demonstrate that, based on the evidence of record, viewed in a light most favorable to the non-movant, there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (citations omitted). Further, "[a] dispute is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Clews v. County of Schuylkill*, 12 F.4th 353, 358 (3d Cir. 2021) (quoting *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court's function is not to weigh the evidence, to determine the truth of the matter, or to evaluate credibility. *See Montone v. City of Jersey City, et al.*, 709 F.3d 181 (3d Cir. 2013).

Since Galaxy bears the burden of proof at trial as to each of its claims, the standard for obtaining summary judgment is more stringent. *Walker v. Pennsylvania Dep't of Lab. & Indus.*, Civ. A. No. 19-41, 2020 WL 2475663, at *2 (W.D. Pa. May 13, 2020) (citing *Nat'l State Bank v.*

*Fed. Reserve Bank of New York*, 979 F.2d 1579, 1582 (3d Cir. 1992)). To that end, Galaxy "must show that it has produced enough evidence to support the findings of fact necessary to win" at trial and that "a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." *El v. Southeastern Pennsylvania Trans. Authority (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007) (citations omitted).

> After all, the burden of proof includes the obligation to persuade the factfinder that one's propositions of fact are indeed true. Black's Law Dictionary 190 (7th ed.1999). Thus, if there is a chance that a reasonable factfinder would not accept a moving party's necessary propositions of fact, pre-trial judgment cannot be granted. Specious objections will not, of course, defeat a motion for summary judgment, but real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof, will.

*Id*.

### III. DISCUSSION

In this Court's estimation, Galaxy has failed to demonstrate that summary judgment is appropriate on any of its claims because there are material facts in dispute between the parties and the legal theories and defenses asserted here require the factfinder to evaluate the reasonableness of the parties' respective actions. *See Baloga*, 927 F.3d at 752; *see also El*, 479 F.3d at 238. Accordingly, Galaxy's motion will be denied.

At the outset, the parties do not contest that Pennsylvania law should be applied in this case and the Court will apply Pennsylvania law to Galaxy's claims. *See 84 Lumber Co., L.P. v. Bryan Const. Co.*, Civ. A. No. 2:09-1030, 2011 WL 666209, at *5 (W.D. Pa. Feb. 14, 2011) (citing *Schiavone Construction Co. v. Time, Inc.*, 735 F.2d 94, 96 (3d Cir. 1984)) ("In this case, the parties do not dispute that Pennsylvania law applies to this case, and the Court need not engage in a choice of law analysis."). The Court addresses the breach of contract and duty of good faith and fair dealing claims together because "[a] claim for breach of the covenant of good faith and fair dealing

3

is subsumed in a breach of contract action and is not itself an independent cause of action." *Obermayer, Rebmann, Maxwell & Hippel, LLP v. J.P. Mascaro & Sons*, 277 A.3d 1142, at *2 (Pa. Super. Ct. 2022) (citing *LSI Title Agency, Inc. v. Evaluation Servs.*, 951 A.2d 384, 391-92 (Pa. Super. Ct. 2008)).

While acknowledging that Pennsylvania courts have not adopted this approach, Galaxy suggests that the Court should evaluate the contract/good faith claims pursuant to the "imposter rule" in Article 3 of the U.C.C. such that "the party who was in the best position to prevent the forgery by exercising reasonable care suffers the loss." (Docket No. 35 at 3-4 (quoting *Arrow Truck Sales, Inc. v. Top Quality Truck & Equipment, Inc.*, 2015 WL 4936272, at *5 (M.D. Fl. 2015)). However, as Merchants points out, Article 3 governs negotiable instruments, i.e., checks drawn on bank accounts, as opposed to ACH transfers covered by Article 4A, and there is no corresponding "imposter rule" under that portion of the U.C.C. (*See* Docket No. 38 at 11-14). Additionally, courts applying the "imposter rule" have recognized that summary judgment is not an appropriate vehicle to evaluate the reasonableness of the parties' actions vis-à-vis the loss caused by the third-party fraudster. *See e.g., Beau Townsend Ford Lincoln, Inc. v. Don Hinds Ford, Inc.*, 759 F. App'x 348, 359 (6th Cir. 2018) (denying motion for summary judgment premised on imposter rule and holding that "[n]o court can resolve these factual disputes at the summary judgment stage."). Indeed, the three cases cited by Galaxy in support of its motion for summary judgment were all bench proceedings which provided the presiding Judges with the opportunity to evaluate the credibility of the evidence and determine which party acted more reasonably. *See Arrow Truck Sales*, 2015 WL 4936272, at *4 (resolving disputes as to imposter rule at conclusion of bench trial); *Jetcrete North America LP v. Austin Truck & Equipment, Ltd.*, 484 F. Supp. 3d 915, 916 (D. Nev. 2020) (same); *Parmer v. United Bank*, 2020 WL 7232025, at

4

*3 (W. Va. Dec. 7, 2020) (evaluating imposter rule in context of motion to enforce a settlement agreement). Yet, the summary judgment standard precludes this Court from reviewing the record, and deciding which party was in the best position to avoid the loss, particularly as the moving party, Galaxy, bears the ultimate burdens of proof and persuasion at trial. *See El*, 479 F.3d at 238. The Court also cannot determine credibility on a motion for summary judgment. *Id.*

The Court reaches the same decision when evaluating Galaxy's claims under traditional principles of Pennsylvania law which similarly require the factfinder to resolve the factual and credibility disputes concerning the reasonableness of the parties' respective actions in this case. As to Galaxy's contract/good faith claims, it is well established that a plaintiff must prove all of the following elements: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Walsh/Granite JV v. HDR Eng'g, Inc.*, Civ. A. No. 17-558, 2019 WL 1382957, at *14 (W.D. Pa. Mar. 27, 2019) (citation omitted). "Every contract imposes on each party a duty of good faith and fair dealing in its performance and its enforcement." *Obermayer*, 277 A.3d 1142, at *2 (quoting *Kaplan v. Cablevision of Pa., Inc.*, 671 A.2d 716, 722 (Pa. Super. Ct. 1996) (en banc)). Further, "[w]hen a party has the discretion to act under a contract, … the implied duty of good faith requires the party to reasonably exercise that discretion." *Haywood v. University of Pittsburgh*, 976 F.Supp.2d 606, 628 (W.D. Pa. 2013).

Galaxy's alternative theories of negligence and unjust enrichment will also task the factfinder with deciding if the parties acted reasonably and/or equitably under the circumstances. *See e.g., EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010) (citation omitted) ("To prevail on an unjust enrichment claim in Pennsylvania, a plaintiff must demonstrate the following elements: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of such benefit by the defendant; and (3) acceptance and retention of such benefit under

5

circumstances such that it would be inequitable for the defendant to retain the benefit without payment to the plaintiff."); *Grove v. Port Auth.*, 218 A.3d 877, 889 (Pa. 2019) (stating elements of negligence action as "(1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection existed between the defendant's conduct and the resulting injury; and (4) actual damages occurred."). In addition, the factfinder will need to conduct the same type of evaluation regarding certain defenses asserted by Merchants, including comparative negligence and failure to mitigate damages. *See e.g., Bafile v. Borough of Muncy*, 527 Pa. 25, 30, 588 A.2d 462, 464 (Pa. 1991) ("a party who suffers a loss due to a breach of contract has a duty to make a reasonable effort to mitigate his losses."); *Davidson v. Peggs Co., Inc.*, Civ. A. No. 20-1641, 2022 WL 3867908, at *7 (W.D. Pa. Aug. 30, 2022) (citation omitted) ("Ordinarily, questions of comparative negligence are reserved for the jury.").

Turning to the facts of the instant matter, the parties do not contest that: Toni Thornton of Galaxy submitted a legitimate email to Corey Hart of Merchants at 11:44 a.m. on August 11, 2021 requesting payment of the attached invoice; Merchants then received the fraudster's email from Thornton's email account at 12:21 p.m. on August 11, 2021 requesting that the payment method be switched to ACH, along with instructions for submitting same; and, Merchants paid the invoice pursuant to the ACH instructions on August 14, 2021. (Docket Nos. 36 at ¶¶ 21, 22, 24, 30; 39 at ¶¶ 21, 22, 24, 30). However, summary judgment is inappropriate because there are genuine disputes of material fact as to the reasonableness of both parties' conduct in relation to this particular transaction. (Docket Nos. 36 at ¶¶ 15-18, 28, 29, 33; 39 at ¶¶ 15-18, 28, 29, 33; 40-1 at 2-3; 40-3 at 9). As such, it will be up to the factfinder to determine all of the following:

- whether Galaxy had sufficient security protecting its email system from being hacked or not, (Docket Nos. 36 at ¶ 33; 39 at ¶ 33; 40-4 at 3);

- when Galaxy knew or should have known that Thornton's email had been hacked in light of her admission that on or "around August 11, 2021,"[1] she had a discussion with Galaxy's owner, Dwight Deicke, about Shuler Meats being duped by a similar fraudulent ACH request originating from her email account. (*See* Docket No. 40-3 at 9 (Q… "When did you talk to Mr. Deicke about Shuler Meat[s] receiving this fraudulent email? A.·· Right around August 11th."));

- if Galaxy acted reasonably when it did not alert Merchants until August 17, 2021 that Thornton's email had been hacked and had sent out fraudulent ACH instructions to another customer, Shuler Meats, (Docket No. 40-1 at 2-3);

- whether Merchants' employees should have verified the ACH instructions with Galaxy prior to making the ACH payment, (Docket Nos. 36 at ¶¶ 28, 29; 39 at ¶¶ 28, 29);

- if Merchants had an internal policy requiring verification of ACH instructions and the scope of such policy, (Docket Nos. 36 at ¶¶ 15-18; 39 at ¶¶ 15-18); and,

- whether Merchants' internal policy and actions were reasonable given the company's awareness of an ACH fraud scheme involving related entity W. Lee Flowers, Inc., (*id*.).

---

[1] The Court notes that Thornton's admission that she became aware that her email was hacked on August 11, 2021 appears consistent with the allegations set forth in the Complaint filed in *Galaxy v. Shuler Meats*, Civ. A. No. 22-303, Docket No. 1 (W.D. Pa. Feb. 17, 2022), of which this Court may take judicial notice. *See Johnson v. Allegheny Cnty.*, No. 2:14-CV-857, 2014 WL 5513769, at *2 n.2 (W.D. Pa. Oct. 31, 2014) (It is well established that "[t]his Court may properly take judicial notice of docket entries, documents, and opinions filed in other cases."). Galaxy alleged in that suit that:

> [a]s of August 11, 2021, Galaxy had not received payment from Shuler. A Galaxy employee, Toni Thornton, called Shuler that same day to inquire as to the status of the unpaid invoice…. The Shuler representative Thornton spoke to provided Ms. Thornton with an email chain beginning on July 1, 2021 purporting to originate from Ms. Thornton that instructed Shuler to make all future invoice payments through an Automatic Clearing House (ACH) account… The […] emails were fraudulent. Ms. Thornton did not send either email, and Galaxy was not changing its payment instructions.

(Civ. A. No. 22-303, Docket No. 1. at ¶¶ 20-23). Galaxy's lawsuit against Shuler was referred to ADR at which time it settled.

All told, the Court finds that there are numerous disputes of material fact and that Galaxy has failed to meet its burden to demonstrate that summary judgment should be entered in its favor on any of its claims. *See El*, 479 F.3d at 238.

## IV.    CONCLUSION

Based on the foregoing, Galaxy's Motion for Summary Judgment [34] is DENIED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  August 3, 2023

cc/ecf:  All counsel of record